IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DILLON DON SOLOMON,** | § § § | |
| Petitioner, | § § | |
| v. | § § | EP-12-CV-411-KC |
| **WARDEN H. TERRY, ERIC HOLDER, JANET NAPOLITANO, and J. FREEDMAN,** | § § § § | |
| Respondents. | § § § | |

## ORDER

On this day, the Court considers Mr. Dillon Don Solomon's petition for writ of habeas corpus under 28 U.S.C. § 2241. Because Mr. Solomon is not confined in the Western District of Texas, this Court lacks jurisdiction to review Mr. Solomon's confinement. Accordingly, this case is **DISMISSED** for lack of jurisdiction.

### I.  BACKGROUND

On March 27, 2012, removal proceedings were initiated against Mr. Dillon Don Solomon ("Petitioner"). Resp't's Mot., App. ¶ 6, ECF No. 5-1. Removal proceedings are still actively ongoing. The immigration judge held hearings in Petitioner's case on June 20, 2012, on September 18, 2012, and on October 18, 2012. *Id.* ¶¶ 7-10. There will be another hearing on December 11, 2012. *Id.* ¶ 10. Petitioner's removal proceedings have been conducted in the city of El Paso, Texas. Pet. 13, ECF No. 1-1. During the pendency of his removal proceedings, however, Petitioner has been confined at the Otero Processing Center in Chaparral, New Mexico. *Id.* at 1.

On October 12, 2012, Petitioner filed a petition with this Court for a writ of habeas corpus. *Id.* Petitioner argues that his detention is improper because he is a United States citizen and because the immigration judge incorrectly found him to be a flight risk. *Id.* at 4-5.

## II.    DISCUSSION

### A.    Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Petitioner must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).

In a case involving a pro se litigant, such as Petitioner, all documents filed by the pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### B.    Jurisdiction

Petitioner seeks a writ of habeas corpus. Pet. 1. The writ of habeas corpus is indeed a means for aliens to challenge pre-removal confinement before a district court. *See Baez v. Bureau of Immigration and Customs Enforcement*, 150 F. App'x 311, 312 (5th Cir. 2005); *Geronimo v. Mukasey*, 535 F. Supp. 2d 808, 811-12 (W.D. Tex. 2008). Any petition for a writ of habeas corpus, however, must be filed in the United States district court with jurisdiction over the place of the

petitioner's confinement.  In the words of the statute, writs of habeas corpus may be granted by the district courts "within their respective jurisdictions."  28 U.S.C. § 2241(a) (2012).  Accordingly, the United States Supreme Court recalled in *Rumsfeld v. Padilla* "the traditional rule" that habeas corpus relief "is issuable only in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *see also Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001).  In this case, Petitioner is confined in the Otero County Processing Center located in Chaparral, New Mexico within the District of New Mexico.  Pet. 1.  However, this Court is located in a different judicial district, the Western District of Texas. Therefore, this Court does not have jurisdiction over his place of confinement.

      This Court acknowledges that Petitioner's removal proceedings have been conducted in the city of El Paso, Texas, which is located within this Court's jurisdiction.  *See id.* at 13.  Nonetheless, this Court lacks jurisdiction to review this petition.  Even a final order of removal is subject to judicial review only before a United States Court of Appeals.  *See* 8 U.S.C. § 1252(b)(2).  The district courts have been divested by the REAL ID Act of all jurisdiction to hear petitions under 28 U.S.C. § 2241 that attack final orders of removal.  *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005).  As for Petitioner's concern that he has been incorrectly designated a flight risk in the course of removal proceedings, the United States Court of Appeals for the Tenth Circuit held in *Mwangi v. Terry* that the United States Attorney General, acting through an immigration judge, "may exercise his discretion to either detain or release an alien on bond or conditional parole" under 8 U.S.C. § 1226(a).  465 Fed. App'x 784, 786-87 (10th Cir. 2012).  Under 8 U.S.C. § 1226(e), the Tenth Circuit held that "the Attorney General's exercise of discretion is not subject to judicial review."  *Id.*  "Therefore, to the extent [Petitioner] challenges the agency's discretionary bond decision," a federal district court "lack[s] jurisdiction."  *See id.* at 787.

      To summarize, should Petitioner ultimately seek judicial review of a final order of removal that is issued by an immigration judge and affirmed by the Board of Immigration Appeals, "[t]he

petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." *See* 8 U.S.C. § 1252(b)(2). Should this Order be issued by an immigration judge in El Paso, where Petitioner's removal proceedings are being conducted, the reviewing court will be the United States Court of Appeals for the Fifth Circuit. Should Petitioner wish to challenge directly the conditions or basis of his confinement at the Otero County Processing Center, then the United States District Court for the District of New Mexico may consider his petition for writ of habeas corpus.

For the present, however, as the United States Supreme Court indicated in *Rumsfeld*, the "entry of an order of dismissal without prejudice" is appropriate when a habeas petition is filed outside the district of confinement. *Rumsfeld*, 542 U.S. at 451. Accordingly, this case will be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that this case is **DISMISSED**.

The Clerk of Court is hereby **ORDERED** to close this case. All pending motions in this case are hereby **DENIED** as moot.

It is **SO ORDERED**.

SIGNED this 7th day of December, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE